UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Business & Quality Integration, LLC, and**

**ISO Consultants for Healthcare, LLC,**

    *Plaintiffs,*

v.                                                     Case No. 3:15-cv-028
                                                                       Judge Thomas M. Rose

**Joshua L. Ratcliff,**

    *Defendant.*

---

**ENTRY AND ORDER DENYING MOTION OF DEFENDANT JOSHUA L. RATCLIFF TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION, DENYING MOTION TO DISMISS COMPLAINT FOR IMPROPER VENUE (DOC. 6), AND GRANTING MOTION OF DEFENDANT TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. THE COMPLAINT WILL BE DISMISSED IN 20 DAYS UNLESS PLAINTIFF FILES A MOTION TO AMEND THE COMPLAINT WITH AN APPENDED PROPOSED AMENDED COMPLAINT ADDRESSING THE DEFICIENCIES DISCUSSED IN THIS ORDER.**

---

Pending before the Court is Defendant's Motion to Dismiss. Doc. 6. Therein, Defendant, Joshua L. Ratcliff, requests that the Court dismiss Plaintiffs', Business & Quality Integration, LLC and ISO Consultants for Healthcare, LLC, breach of contract claims. Defendant has filed a motion requesting the Court to dismiss Plaintiffs' complaint for lack of personal jurisdiction, for

1

improper venue, and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b).  While this Court has personal jurisdiction over Defendant, and venue here is not unreasonable, the Court finds Defendant's motion to dismiss for failure to state a claim upon which relief can be granted well-founded.  However, the Court will allow Plaintiffs twenty days following the entry of this order to file a motion for leave to amend their complaint with a proposed amendment attached.   If Plaintiffs fail to file a motion for leave to amend within that time, Defendant's Motion to Dismiss will be granted.

**I.      Background**

Plaintiff Business & Quality Integration, LLC is a limited liability company headquartered in Darke County in Ohio.  Business & Quality Integration was formed in 2004 and focuses on consulting and training for international quality management requirements in manufacturing, healthcare, and other markets.  (Doc. 2 ¶ 4).  Defendant Joshua L. Ratcliff was a subcontractor to Business & Quality Integration.  (*Id.* at ¶ 6).  Mr. Ratcliff is a resident of Texas, and has been for all times relevant to this matter.  (*Id.* at ¶ 3).  On June 4, 2010, Mr. Ratcliff signed a Consultant/Subcontractor Agreement with Business & Quality Integration (the "Agreement"). This Agreement contains non-competition and non-solicitation provisions.

After the Agreement was signed, Plaintiff ISO Consultants for Healthcare, LLC was formed as a sister-company to Business & Quality Integration to perform services exclusively in the healthcare marketplace.  (*Id.* at ¶ 8).  Plaintiffs claim that Mr. Ratcliff, Business & Quality Integration, and ISO Consultants for Healthcare agreed that Mr. Ratcliff would also serve as a subcontractor to ISO Consultants for Healthcare on all of the same terms and conditions as his contractual relationship with Business & Quality Integration.  (*Id.* at ¶ 9).

The Agreement identifies Business & Quality Integration as an Ohio company, and each page of the Agreement contains Business & Quality Integration's headquarters' address in Ohio. During the course of the Agreement, Business & Quality Integration and ISO Consultants for Healthcare ("the Companies") paid Ratcliff more than $880,000.00.  (Doc. 8-1 ¶ 6).  All payment activities occurred at the Companies' headquarters in Ohio.  Ratcliff's client assignments were assigned and supervised by individuals located at the Companies' headquarters in Ohio.  (*Id.* at ¶ 8-9).

Ratcliff travelled to Ohio to attend meetings with Business & Quality Integration and ISO Consultants for Healthcare on twelve occasions between July 2010 and May 2014.  (*Id.* at ¶ 10). Those meetings and their focus occurred as follows:

1. From July 18 through July 21, 2010, Mr. Ratcliff participated in meetings related to the creation of ISO Consultants for Healthcare from Business & Quality Integration.
2. From February 23 through February 25, 2011, Mr. Ratcliff participated in meetings to prepare for a Veterans Administration Project.
3. From May 25 through May 28, 2011, Mr. Ratcliff participated in meetings related to ISO Consultants for Healthcare matters and VA Project preparation.
4. On August 10, 2012, Mr. Ratcliff participated in meetings related to ISO Consultants for Healthcare matters.
5. On September 11, 2012, Mr. Ratcliff participated in meetings related to ISO Consultants for Healthcare matters.
6. From November 1 through November 2, 2012, Mr. Ratcliff participated in meetings related to the Companies.
7. From December 20 through December 21, 2012, Mr. Ratcliff participated in meetings related to the Companies.
8. From January 24 through January 25, 2013, Mr. Ratcliff participated in meetings related to his work with the Companies.
9. On September 6, 2013, Mr. Ratcliff participated in meetings related to ISO Consultants for Healthcare matters.
10. From October 24 through October 25, 2013, Mr. Ratcliff participated in meetings related to ISO Consultants for Healthcare matters.
11. From November 19 through November 21, 2013, Mr. Ratcliff participated in Lead Auditor Training related to his work with the Companies.

> 12. On April 14, 2014, from April 30 through May 2, 2014, from May 5 through May 15 2014, and from May 26 through May 29, 2014, Mr. Ratcliff participated in meetings with ISO Consultants for Healthcare staff related to ISO Consultants for Healthcare matters.

(Doc. 8-1 ¶ 10). Mr. Ratcliff was compensated for his participation in these meetings as well as for travel to Ohio. (Doc. 8-3).

Mr. Ratcliff also performed development and planning work directly in support of the Companies. This work was done at the Companies' direction, in collaboration with the Companies' headquarters, and was specifically in support of the Companies' corporate strategy and development. (Doc. 8-1 ¶ 11).

## II.  Motion to Dismiss

### A. Standards of Review

#### 1. 12(b)(2) Standard

When confronted with a Rule 12(b)(2) motion, "[t]he plaintiff bears the burden of establishing the existence of jurisdiction." *Estate of Thompson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008) (citing *Brunner v. Hampson*, 441 F.3d 457, 462 (6th Cir. 2006)). When the Court resolves a Rule 12(b)(2) motion based on "written submissions and affidavits … rather than resolving the motion after an evidentiary hearing or limited discovery, the burden on the plaintiff is 'relatively slight,' … and 'the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal.'" *Air Prod. and Controls, Inc. v. Safetech Int'l, Inc.,* 501 F.3d 544, 549 (6th Cir. 2007) (quoting *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988)). Under such circumstances "the pleadings and affidavits submitted must be viewed in a light most favorable to the plaintiff, and the district court should not weigh

4

'the controverting assertions of the party seeking dismissal.'" *Id.* (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991)).

2. **12(b)(3) Standard**

Under Rule 12(b)(3), a case may be dismissed for improper venue. When reviewing a motion to dismiss for improper venue, the court applies the same standard used for other motions to dismiss. Therefore, "[p]laintiffs bear the burden of establishing that venue is proper once an objection to venue has been raised, and must demonstrate that venue is proper for each claim asserted in their complaint." *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1046 (S.D. Ohio 2002). The court can determine the motion on the basis of affidavits alone or by conducting an evidentiary hearing. *Serras v. First Tennessee Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989).

Although the plaintiff's *prima facie* burden is relatively slight, the Court must still find that the "plaintiff has set forth specific facts that support a finding of jurisdiction in order to deny the motion to dismiss." *Palnik v. Westlake Entm't Inc.,* 344 Fed. Appx. 249, 251 (6th Cir. 2009) (quoting *Kroger Co. v. Malease Foods Corp.,* 437 F.3d 506, 510 (6th Cir. 2006)). Thus, "it remains the plaintiff's burden and the complaint must have 'established with reasonable particularity' those specific facts that support jurisdiction." *Id.* (quoting *Neogen Corp. v. Neo Gen Screening, Inc.,* 282 F.3d 883, 887 (6th Cir. 2002). Consequently, the rules are designed in part to protect potential defendants from a "plaintiff's bald allegation of jurisdictional facts." *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989).

The burden of establishing jurisdiction is on the plaintiff. *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980). If the district court determines to decide the issue solely on the basis of

5

written materials, the plaintiff should be required only to make a *prima facie* showing of jurisdiction, that is, he need only "demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss." *Id.* (quoting *DataDisc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1285 (9th Cir. 1977)). However, if the district court concludes that the written submissions have raised issues of credibility or disputed issues of fact which require resolution, it may conduct a preliminary evidentiary hearing. *Id.*, at 438-39. Where this occurs the plaintiff must show by a preponderance of the evidence that jurisdiction exists. *Id.*

### 3. 12(b)(6) Standard

To conclude that a plaintiff has failed to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), a court "must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers, USA, LLC,* 561 F.3d 478, 488. Though, a court need not accept as true the legal assertions of the plaintiff. *Id.* "[T]o survive a motion to dismiss a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569, 545, 555 (2007)). In addition to the complaint, a court "must consider … other sources …, in particular, documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd,* 551 U.S. 308, 322-23 (2007).

### B. Analysis

Mr. Ratcliff asserts that Plaintiffs have not made a prima facie showing that the court has personal jurisdiction over him, and that this case should be dismissed pursuant to Rule 12(b)(2).

He also asserts that venue is improper in this case, and requests its dismissal pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a). Finally, Mr. Ratcliff asserts that Plaintiffs have failed to state a claim upon which relief can be granted, and moves that the case be dismissed pursuant to Rule 12(b)(6).

1. **12(b)(2) motion**

Under Ohio law, personal jurisdiction over a non-resident defendant is available only if (1) the long-arm statute confers jurisdiction, and (2) jurisdiction is proper under the Federal Due Process Clause. Ohio's long-arm statute does not reach to the limits of the Due Process Clause; the analysis of Ohio's long-arm statute is "a particularized inquiry wholly separate from the analysis of Federal Due Process law." *Conn v. Zakharov*, 667 F.3d 705, 712 (6th Cir. 2012). "Ohio's long-arm statute grants Ohio courts personal jurisdiction over a non-resident if his conduct falls within the nine bases for jurisdiction listed by the statute. See OHIO REV. CODE ANN. § 2307.382(A) (1988)." *Id.* However, a finding that the Ohio long-arm statute requirements have been met does not end the inquiry: "the Due Process Clause requires that the defendant have sufficient minimum contacts with the forum state so that finding personal jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.*(citation omitted).

a) **Ohio's Long-Arm Statute**

Of the nine bases enumerated in Ohio's long-arm statute, only the first two are relevant:

" (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this state;
(2) Contracting to supply services or goods in this state;…"

7

OHIO REV. CODE ANN. § 2307.382(A) (1998). Ohio courts have interpreted the broad wording of the statute to permit "jurisdiction over non-resident defendants who are transacting any business in Ohio." *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 511 (6th Cir. 2006). To "transact" business means "to prosecute negotiations; to carry on business; to have dealings." *Id.* (quoting *Kentucky Oaks Mall v. Mitchell's Formal Wear*, 53 Ohio St.3d 73, 75, 559 N.E.2d 447 (1990)). Personal jurisdiction does not require physical presence in the forum state. *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 236, 638 N.E.2d 541 (1994).

Here, all financial aspects of the relationship between the plaintiffs and the defendant were processed through the plaintiffs' headquarters in Darke County, Ohio. Defendant reported to supervisors in Ohio. Defendant made a dozen business trips to Ohio, for which he was reimbursed by the Ohio-based companies. These sorts of business dealings with Ohio companies fall within the meaning of "transacting any business" as it has been interpreted by Ohio courts. See: *Rexam HealthcarePackaging, Inc. v. Osiris Med., Inc.* 2010 WL 819063 (N.D. Ohio 2010), *The Rightthing, LLC v. Brown*, 2009 WL 249694 (N.D. Ohio 2009). Therefore Mr. Ratcliff falls within the reach of Ohio's long-arm statute.

**b) Due Process**

Due process requires that in order to subject a non-resident defendant to personal jurisdiction in a given forum, he must "have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The Sixth Circuit has held that a determination of specific jurisdiction pursuant to the Due Process Clause requires three elements: (1) defendant must purposefully avail himself of

8

the privilege of acting in the forum state or causing a consequence in the forum state, (2) the cause of action must arise from the defendant's activities there, and (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

The first element of the Sixth Circuit test, purposeful availment of the privilege of acting within the forum state or causing a consequence within the forum state, may include transacting business by negotiating a contract with an Ohio resident, thereby creating a continuing obligation in Ohio. *Cole v. Mileti*, 133 F.3d 433 (6th Cir. 1998). The second element, the cause of action arising from a defendant's activities in the forum state, is a lenient standard. The cause of action need not formally arise from a defendant's contact with the forum. *Air Prods. and Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544 (6th Cir. 2007). If the first and second elements are satisfied, there exists a presumption that the exercise of personal jurisdiction over a defendant is reasonable so as to satisfy the third element. *Theunissen v. Matthews*, 935 F.2d 1454, 1462 (6th Cir. 1991). To rebut this presumption, a defendant must present a "compelling case that the presence of some other considerations render personal jurisdiction unreasonable". *Burger King Corp v. Rudzewicz*, 471 U.S. 462, 477 (1985). The court must balance the burden on a defendant, the interests of the forum state, and a plaintiff's interest in obtaining relief. *Theunissen* at 1462. Minimum contacts with the forum state combined with the interests of a plaintiff and the forum may justify even serious burdens placed on a non-resident defendant. *Dayton Superior Corp. v. Yan*, 288 F.R.D. 151, 165 (S.D. Ohio 2012).

Here, Defendant engaged in business dealings with two companies headquartered in Ohio. Defendant received regular assignments, directions, and supervision from personnel in Ohio. Mr. Ratcliff also travelled to Ohio for work related to his contract with Business & Quality Integration and subsequently ISO Consultants for Healthcare on numerous occasions. These actions are sufficient to constitute purposeful availment to satisfy the first element of the above test. The cause of action alleged in this case is violation of a non-compete clause of a contract with two Ohio-based companies. The cause of action does not need to "formally" arise from the conduct in Ohio, so this level of causation is sufficient to satisfy the second element. Thirdly, the exercise of personal jurisdiction over the defendant is reasonable in this case. The defendant made numerous business trips to Ohio in the course of his work with plaintiffs. The alternative, to force plaintiffs to file suit in a court in Texas, would not be any more reasonable in this case.

For the foregoing reasons, Defendant's right to due process is not infringed upon in this case. Since the Ohio long-arm statute confers jurisdiction, and due process concerns do not defeat jurisdiction, this court denies Defendant's 12(b)(2) motion.

### 2. 12(b)(3) motion

A motion to dismiss for improper venue pursuant to Rule 12(b)(3) will only be granted if the case was not filed in a venue prescribed by 28 U.S.C. § 1391(b). Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated." 28 U.S.C. § 1391(b). Thus,

venue is proper in a judicial district in which a "substantial part of the events giving rise to the claim arose." *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998)

Venue in civil cases is governed by 28 U.S.C. § 1391(b). A civil action may be brought in a judicial district in which any defendant resides, or a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. Under § 1391(b), the issue is not whether the district is the "best" venue, but only whether the district has a "substantial connection to plaintiffs' claims, even if other districts have greater contacts." *Int'l Paper Co. v. Goldschmidt*, 872 F. Supp. 2d 624, 633. In determining whether events or omissions are sufficiently substantial, the court should consider the entire sequence of events underlying the claim, not only the matters that are in dispute or that directly led to the claim. *Id*. at 634.

Here, Mr. Ratcliff contracted with two companies headquartered in Ohio. He received research assignments from individuals in Ohio, and travelled to Ohio for business related to his contract. The complaint does not specify where the alleged competition in violation of the contract took place but, even absent that information, the activities which took place in Ohio are sufficiently substantial for the district to be reasonable.

### 3. 12(b)(6) motion

A claim will be dismissed when it does not "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory" *Twombly*, 550 U.S. at 562. A court is not required to accept "legal conclusions" or "conclusory allegations" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nevertheless, a complaint "should be dismissed for failure to state a claim only where 'it appears beyond a doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1189 (6th Cir. 1996) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

The Sixth Circuit permits pleadings "on information and belief" in certain circumstances. When a plaintiff "may lack personal knowledge of a fact, but have sufficient data to justify interposing an allegation on the subject or be required to rely on information furnished by others," pleading on information and belief may be appropriate. *Starkey v. JPMorgan Chase Bank*, 573 Fed. Appx. 444, 447 (6th Cir. 2014) (citations omitted).

Here, Plaintiffs allege that Mr. Ratcliff entered into a contractual relationship with Business & Quality Integration, which contained a non-compete clause. Plaintiffs further allege that Mr. Ratcliff's contractual relationship with Business & Quality Integration was later amended to include ISO Consultants for Healthcare as well. Plaintiffs then claim that, on information and belief, "Mr. Ratcliff is engaging in competition with Business & Quality Integration [and ISO Consultants for Healthcare] in violation of the Agreement." Doc. 2 at ¶ 16 and ¶ 17. Plaintiffs do not allege any specific actions taken by the defendant which have resulted in competition with Plaintiffs' business. From the complaint, Defendant is not put on notice of whether Plaintiffs are alleging that he violated the non-compete clause by accepting employment with a competitor, or by soliciting current or future clients from Plaintiffs. The allegations in the complaint do not rise above the level of speculation. Purely speculative and conclusory claims cannot withstand a 12(b)(6) motion to dismiss, and Defendant's motion is therefore well-founded.

**IV.     Conclusion**

Plaintiffs' claim does not contain sufficient factual allegations that, if accepted as true, state a claim to relief that is plausible on its face.   Therefore, the Court **GRANTS** Defendant's Motion to Dismiss. Doc. 6.  The complaint will be dismissed in 20 days unless Plaintiff files a motion to amend the complaint with an appended proposed amended complaint addressing the deficiencies discussed in this order.1

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, July 31, 2015.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

1 The Court acknowledges the assistance of judicial intern Emily A. Reber in the preparation of this order.